TOWNSHIP OF TEANECK, RELATOR, v. PAUL A. VOLCKER, RESPONDENT.

Submitted May 5, 1942—Decided July 18, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the relator, *Arthur T. Vanderbilt* (*G. Dixon Speakman* and *Myrtile Frank, Jr.*, on the brief).

For the respondent, *William J. Morrison, Jr.*

The opinion of the court was delivered by

PARKER, J. The writ calls upon the respondent, who is township manager of the Township of Teaneck in Bergen County pursuant to the Municipal Manager Act (see *R. S.* 40:82-1, &c.), to appoint as captain of police one of two lieutenants of police who had passed the required civil service examination in 1939. The writ was allowed on December 22d, 1941. The writ charges that respondent had "failed and neglected" to make the appointment, though it was his duty to make it, and to appoint one or the other of the candidates. The return admits all the essential facts pleaded by way of inducement, but denies that respondent "failed or neglected" to appoint, and avers that he refused to appoint, because (a) the local chief of police had reported that under the law only these two lieutenants were eligible to compete, that he felt that no promotion should be then made, and

recommended the promotion of three sergeants to the rank of lieutenant: and that this report had been read at a Council meeting on November 21st, 1939: (b) that on December 5th, 1939, the Council directed the preparation of an amended ordinance which, among other things, would eliminate the restriction of the number of lieutenants to two: (c) that such ordinance was adopted on June 4th, 1940 (a copy is annexed to the return): (d) that on April 1st, 1941, three additional lieutenants were duly appointed, and confirmed by the Council: but (e) that on October 7th, 1941, the Council by resolution called for the appointment on or before October 14th of one of the candidates who had been certified, and who would lose the benefit of their examination unless such appointment be made before November 1st, 1941: (f) that respondent on October 14th by letter to the Council (copy included in the return) refused to make the appointment, stating as the reason that he could not convince himself "that these men possess such outstanding qualities of leadership and inherent ability as will insure continued progress in the efficiency and morale of the Department * * *;" (g) whereupon the Council itself undertook by resolution to appoint one of the two passing candidates. The return formally asserts (paragraph 13) that "neither of the men named in the said writ has now nor has had at any time mentioned in the said writ, the necessary qualifications of leadership and inherent ability to insure, as captain thereof, the efficiency and morale of the Teaneck Police Department."

To this return there is a general demurrer, which of course admits all matters of fact properly pleaded. In addition to this is a stipulation containing a copy of various letters and of two resolutions of the Council, which "shall be placed in the record and state of case." We are not to be understood as approving this informal procedure for amplification of the record: and indeed the formal record without these additions is quite sufficient for purposes of a decision.

We conclude that a peremptory writ of *mandamus* should be refused and a judgment entered in favor of the respondent: and this on two grounds; the first for procedural reasons,

because it is plain on the face of the record that, because of the lapse of time, the two lieutenants certified have lost the civil service status that they acquired by passing the examination. (2) Apart from this, we are not aware of any provision of law, nor is any such provision cited by the relator, which makes it obligatory on the city manager, in the exercise of his appointing power, to appoint a candidate, even though passed by the Commission, who in his honest judgment does not possess what the respondent has called the "qualifications of leadership and inherent ability necessary to insure the efficiency and morale of the Police Department." It does not seem to be suggested that these qualifications, which we agree are important in an appointment of this character, are such as can be ascertained from the results of a civil service examination.

It is a fundamental rule of law that the allowance of a writ of *mandamus* rests in judicial discretion and is used only when the act to be done is a ministerial one and the duty clear. See *Gleistman* v. *West New York*, 74 *N. J. L.* 74, a case in which this court specifically held that "*mandamus* will not issue to interfere with the discretion of a body having control of the police force of a town in its management of that force." This decision seems apposite to the present case, and we are unable to discern that its applicability is in any respect qualified by the fact that in the case at bar there happened to be a civil service examination.

The respondent is entitled to judgment on the demurrer.